IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT J. RETZLOFF,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

ORDER

14-cv-765-jdp

---

    Plaintiff Scott J. Retzloff seeks judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding him not disabled as defined in the Social Security Act. The court heard oral argument on December 3, 2015. For reasons discussed during the hearing and summarized here, the court will deny Retzloff's motion and affirm the Commissioner's decision.

    Retzloff suffered a back injury in August 2009, which he contends caused pain that increased to the point of disablement by 2010, or if not then, no later than 2012. Retzloff contends that the ALJ improperly discounted opinions by treating physician Andrew E. Floren, MD. When determining Retzloff's residual functional capacity (RFC), the ALJ thoroughly detailed the relevant medical evidence in the record before weighing the medical opinion evidence. The ALJ's decision is well reasoned and well articulated.

    The ALJ identified and applied the pertinent regulatory factors (i.e., supportability and consistency), as required under 20 C.F.R. § 404.1527. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000), *as amended*, (Dec. 13, 2000) (citing 20 C.F.R. § 404.1527(d)(2)). Dr. Floren is a treating physician working within his specialty, and he has a long relationship with Retzloff. But some of his opinions about Retzloff's functional capacity are not entitled to

controlling weight because they are not well supported and consistent with the medical evidence. The ALJ properly considered Dr. Floren's evidence and gave his opinions appropriate weight. The record indicates that Retzloff shows signs of mild to moderate disc disease but that he recovered from the accident and was able to return to work, although subject to some modest restrictions.

The ALJ afforded Dr. Floren's medical opinions through April 2010 substantial weight because they were "consistent with the objective findings in the record[.]" R. 17.[1] However, the ALJ appropriately declined to afford Dr. Floren's later opinions significant weight because he imposed more severe restrictions seemingly without cause: Retzloff's medical images revealed no significant changes, and Dr. Floren's examination notes cited only modest symptoms. R. 17-18. The ALJ identified and discussed objective medical evidence in the record that undermined Dr. Floren's later opinions—the unchanging imaging and physical examinations—before declining to afford those opinions controlling weight.

When he began treating Retzloff after his injury, Dr. Floren opined that Retzloff would be able to return to work in short order, permitted him to lift 25 pounds (sometimes as much as 40 pounds), and only imposed occasional postural limitations. According to the ALJ, the fact that the objective imaging studies did not change after these early, less restrictive opinions undermined Dr. Floren's decision to impose greater restrictions later on. The ALJ also noted that Dr. Floren crafted his latest opinions (March 2013) without conducting a physical examination; Dr. Floren relied exclusively on Retzloff's subjective representations. The ALJ also considered Retzloff's daily activities and his job-seeking efforts

---

[1] Record cites are to the administrative transcript, located at Dkt. 11.

in evaluating the severity of his limitations. For these reasons, the ALJ properly declined to afford Dr. Floren's later opinions controlling weight.

ORDER

IT IS ORDERED that the decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Scott J. Retzloff's application for disability benefits and supplemental security income is AFFIRMED and plaintiff's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered December 4, 2015.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge